JUDGE SWAIN

13 CIV 4188

Brendan J. O'Rourke
Kevin J. Perra
David A. Munkittrick
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900
E-mail: borourke@proskauer.com

*Attorneys for Plaintiffs*
*Accenture Global Services Ltd. and Accenture LLP*



RECEIVED JUN 18 2013 U.S.D.C. S.D.N.Y. CASHIERS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCENTURE GLOBAL SERVICES Ltd., and ACCENTURE LLP<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE LLP,<br><br>Defendant. | Civil Action No. _____<br>ECF Case<br><br>**COMPLAINT** |

Plaintiffs ACCENTURE GLOBAL SERVICES Ltd., an Ireland limited company, and ACCENTURE LLP, an Illinois limited liability partnership (collectively "Accenture" or "Plaintiffs"), allege as follows for their complaint against Defendant DELOITTE LLP ("Defendant" or "Deloitte"):

### NATURE OF THE ACTION

1.    This is an action to recover for Defendant's willful acts of trademark infringement, dilution, tarnishment, and blurring under 15 U.S.C. §§ 1114 and 1125; trademark dilution and injury to business reputation under N.Y. Gen. Bus. L. § 360-*l*; and trademark infringement and unfair competition under New York common law.

2. Accenture is one of the preeminent consulting firms in the world, providing its clients with, among other things, high level and top tier management consulting, technology services, and outsourcing services around the globe.

3. Since October of 2003, Accenture has consistently and extensively used its iconic and distinctive slogan, "High performance. Delivered." in its marketing and advertising. The slogan is a federally registered trademark and entitled to a wide scope of protection ("'High performance. Delivered.' Trademark").

4. Accenture's "High performance. Delivered." Trademark appears in advertising across more than 35 countries in various media, including print, television, digital, outdoor media, airport media, and other public spaces. The "High performance. Delivered." Trademark also is used prominently on Accenture's website, www.accenture.com, which now averages over one million unique visitors per month. An example screenshot of a page from the accenture.com website from June 2013 is pictured below.



5. In 2011, Accenture continued to emphasize the "High performance. Delivered." Trademark as the centerpiece of Accenture's global marketing campaign and branding message, garnering significant recognition and awards. Examples of these advertisements are pictured below.




6. Through Accenture's enormous success, its reputation for excellence, its substantial advertising and marketing, and through widespread client satisfaction, Accenture has built the "High performance. Delivered." Trademark into an exceedingly strong mark that is associated, identified, and synonymous with Accenture's top-notch goods and services.

7. Defendant offers directly competing services, including management consulting services among others, and competes for the same class of customers and clients.

8. Upon information and belief, Defendant is well aware of Accenture's longstanding marketing, promotion, advertising and use of the "High performance. Delivered." Trademark. Despite knowledge of Accenture's rights in its "High performance. Delivered." Trademark, Defendant has, on information and belief, deliberately and in bad faith embarked on an advertising scheme that trades on and attempts to dilute the good will and recognition of Accenture's "High performance. Delivered." Trademark. Defendant has recently run advertising

that prominently features the nearly identical trademark, "High performance. Amplified". An example of this advertisement is pictured below.



9.  In another advertisement, used on multiple websites, Defendant not only uses the "High performance. Amplified" trademark, but also trades on the term "Delivered" by immediately following the "High performance. Amplified" trademark with the following:

> "With Deloitte CRG, you get practical experience and
> 
> clear results. Delivered."

Examples of this advertisement are pictured below.

4





10. Defendant's use of "High performance. Amplified" as a trademark in advertising dilutes, tarnishes, and harms the reputation of Accenture and its "High performance. Delivered." Trademark and creates a likelihood of consumer confusion, including initial interest confusion and confusion as to an association or affiliation between Defendant and Accenture, in violation of the Lanham Act and New York law.

11. Defendant's activities will continue to injure Accenture unless enjoined by this Court. Accenture seeks permanent injunctive relief, statutory, compensatory, and punitive damages, Defendant's profits, and Accenture's reasonable attorneys' fees and costs.

**PARTIES**

12. Plaintiff Accenture Global Services Ltd. is an Irish limited company with its principal place of business at 3 Grand Canal Plaza, Upper Grand Canal Street, Dublin 4, Ireland.

5

Accenture Global Services Ltd. is the owner by assignment of United States Trademark Reg. No. 3,514,029 for the trademark and service mark "High performance. Delivered."  A copy of the '029 Trademark Registration is attached as <u>Exhibit A.</u>

13.	Plaintiff Accenture LLP is a limited liability partnership organized and existing under the laws of the State of Illinois with its corporate offices at 161 North Clark St., Chicago, IL 60601 and a place of business within this district at 1345 Avenue of the Americas, New York, NY 10105.  Accenture LLP is a licensee of the "High performance. Delivered." Trademark.

14.	Upon information and belief, Defendant is a Delaware limited liability partnership organized and existing under the laws of the State of Delaware with corporate offices within this judicial district at 1633 Broadway, New York, NY 10019 and 30 Rockefeller Plaza, New York, NY 10112.

15.	Both Accenture and Defendant offer business consulting services, technology services, and outsourcing services in many areas, including cloud computing, analytics, finance, sustainability, mergers and acquisitions, infrastructure, operations, talent, risk management, service delivery, customer relationships, human capital, application management, technology architecture, technology and business strategy, business intelligence, big data, information management, mobility, systems integration, technology testing services, life sciences, aviation, transportation, consumer goods, energy and natural resources, health care, and public sector consulting services.

**JURISDICTION AND VENUE**

16.	This Court has jurisdiction over the federal trademark claims arising under the Lanham Trademark Act, 15 U.S.C. § 1051 et seq., pursuant to 15 U.S.C. § 1121 and 28 U.S.C.

§§ 1331 and 1338.  This Court has supplemental jurisdiction over Accenture's related state statutory and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

17. This Court has personal jurisdiction over Defendant and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendant is resident in this district and solicits, transacts, and is doing business in this district.  Additionally, Accenture is suffering irreparable harm in this district.

## FACTS

### Accenture and the "High Performance. Delivered." Trademark

18. Since October of 2003, Accenture has consistently and continuously used in interstate commerce the "High performance. Delivered." Trademark to advertise its goods and services.

19. Accenture Global Services Ltd. owns and licenses to Accenture LLP the "High performance. Delivered." Trademark.  Accenture's trademark registration covers, among other things, business management consulting services and information technology consulting services.  The "High performance. Delivered." Trademark is distinctive.

20. In addition to its extensive rights based on its trademark registration, Accenture has broad common law rights in the "High performance. Delivered." Trademark through long and extensive advertising, promotion, and use.

21. Accenture has spent hundreds of millions of dollars in support of the "High performance. Delivered." Trademark.  In the United States alone, Accenture has spent in excess of $50 million per year in marketing and advertising its "High performance. Delivered." Trademark.

7

22.     Beyond Accenture's advertising expenditures and activities, Accenture has received a significant amount of third-party media attention focusing on the "High performance. Delivered." Trademark and advertising campaign.

23.     Accenture's "High performance. Delivered." advertising campaign has won numerous awards and distinctions, including numerous Stevie, AME, Clarion, Sabre EMEA, Communicator, Telly, Euro Effie, and Galaxy Awards.

24.     Through this extensive and continuous use, marketing, promotion, and advertising, the "High performance. Delivered." Trademark has become synonymous with Accenture in the minds of Accenture's clients as well as prospective clients, and has come to represent Accenture's reputation for quality.  Some further examples of Accenture advertising prominently featuring the "High performance. Delivered." Trademark that are displayed in airports and other public places throughout the United States are pictured below.



25.     Accenture serves clients in over 120 countries, using its industry knowledge, expertise, and technology capabilities to identify new business and technology trends and develop solutions for its clients.  Accenture works with organizations of all sizes and has extensive relationships with the world's leading companies and governments.  Accenture assists clients with every part of their businesses, from strategic planning to day-to-day operations.

26. Accenture's "High performance. Delivered." Trademark is strong, inherently distinctive, is exclusively identified with Accenture, and is famous within the meaning of 15 U.S.C. § 1125(c). Furthermore, Accenture's "High performance. Delivered." Trademark has achieved secondary meaning. Thus, the "High performance. Delivered." Trademark is entitled to the widest protection under federal and state trademark, anti-dilution, unfair competition, and related laws.

### Defendant and Its Infringing Use

27. On information and belief, Defendant is well aware of the popularity of Accenture's "High performance. Delivered." Trademark.

28. Defendant has undertaken to unfairly capitalize on and dilute the good will and reputation behind Accenture's "High performance. Delivered." Trademark.

29. Defendant has caused to be printed and disseminated in various media, including the ABJ Journal and online, advertising as pictured above with the trademark, "High performance. Amplified," which is substantially similar in overall commercial impression to Accenture's "High performance. Delivered." Trademark.

30. Accenture and Defendant offer directly competing services in the areas of, among others, business analytics and consulting, strategy consulting, operations services, public sector consulting, human services, application management, data security, and information technology.

31. Accenture and Defendant serve identical industry sectors, including but not limited to aviation, transportation, consumer goods, energy and natural resources, financial services, life sciences, health care, technology, and the public sector.

32. On information and belief, Defendant is deliberately and in bad faith seeking to appropriate, dilute, and tarnish Accenture's existing good will, recognition, and extensive marketing, promotion, and advertising of the "High performance. Delivered." Trademark.

33. By creating an association in the minds of clients, future clients, and the public that impairs the distinctiveness and harms the reputation of the "High performance. Delivered." Trademark, Defendant's use of the "High performance. Amplified" mark dilutes and tarnishes Accenture's distinctive, strong, famous, and well-known trademark, as well as the substantial good will and reputation for excellence associated with Accenture and its trademark.

34. Defendant is not authorized or licensed to utilize Accenture's trademarks.

35. On information and belief, Defendant was not content to just use a confusingly similar trademark. Defendant copied the overall structure as well as the look and feel of Accenture's well-known trademark. First, like Accenture, Defendant capitalizes the "H" in the word "High" and again like Accenture, does not capitalize the "p" in "performance." Just as Accenture does, Defendant places the punctuation mark of a period after the words "High performance," even though the phrase "High performance" is not a sentence. The use of a period by Accenture after the phrase "High performance" is arbitrary and, on information and belief, Defendant copied it. Like Accenture, Defendant uses the past tense of a verb with an initial capitalization after the phrase "High performance," namely, "High performance. Amplified". In at least one ad, Defendant places a period after "Amplified" just as Accenture does after "Delivered." The parties' respective trademarks appear in a plain font with clean, minimalist lines, giving the trademarks the same overall look and feel. In at least one of Defendant's ads using its offending trademark, Defendant also incorporates Accenture's use of the word

"Delivered" by following the "High performance. Amplified" trademark with the following phrase:

> With Deloitte CRG, you get practical experience and
>
> clear results.  Delivered."

Accenture's overall combination of words, punctuation, and stylization creates a unique and well-known source identifier that Accenture has the exclusive right to use as a trademark.

36. In addition to the "High Performance. Delivered." Trademark, Accenture has also extensively used a greater-than sign as a trademark.  The greater-than sign trademark has long been part of Accenture's corporate identity and has been used in close association with the "High Performance. Delivered." Trademark.  Exacerbating the overall likelihood of confusion in this case, Defendant has adopted and used in advertisements a greater-than sign that augments the overall commercial impression that Accenture and Defendant are somehow associated or affiliated with each other.  An example is pictured below.



37. As a result of Defendant's unauthorized actions, Accenture is suffering irreparable injury for which there is no adequate remedy at law, and absent injunctive relief, will continue to suffer irreparable injury for which there is no adequate remedy at law.

38. On information and belief, Defendant has derived direct and indirect benefits from its unlawful advertising.  Defendant's actions have caused and will continue to cause Accenture to suffer damages, including but not limited to, damaged reputation and good will.

39. On information and belief, Defendant's actions have been willful and in disregard of Accenture's rights.

40. Defendant's foregoing acts have occurred in interstate commerce and in a manner affecting interstate commerce.

41. Defendant's activities complained of herein have damaged Accenture in an amount that is not yet determined.

### COUNT I

### Federal Trademark Infringement

42. Accenture repeats and incorporates by reference the allegations in the foregoing paragraphs.

43. Accenture Global Services Ltd. owns and licenses to Accenture LLP the federally-registered trademark "High performance. Delivered."

44. Through Accenture's extensive and exclusive use and promotion, the "High performance. Delivered." Trademark, which is distinctive, has garnered widespread recognition in the United States and is well-known among Accenture's clients, potential clients, and the public.

45. In violation of 15 U.S.C. § 1114, Defendant's use and intended use of the "High performance. Amplified" trademark has caused and is likely to continue causing confusion, deception, and mistake with Accenture's "High performance. Delivered." Trademark in conjunction with advertising for Defendant's services, which are in direct competition with Accenture.

## COUNT II

### Lanham Act Unfair Competition

46. Accenture repeats and incorporates by reference the allegations in the foregoing paragraphs.

47. Defendant's use of the "High performance. Amplified" trademark constitutes a misleading representation and a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, origin, or approval of Defendant's services with Accenture.

48. Defendant's foregoing willful and bad faith acts violate 15 U.S.C. § 1125(a).

## COUNT III

### Federal Trademark Dilution

49. Accenture repeats and incorporates by reference the allegations in the foregoing paragraphs.

50. Accenture's "High Performance. Delivered." Trademark has become famous by virtue of, *inter alia*, the strong brand recognition and association to Accenture, as well as the extent of advertising, publicity, and nationwide usage.

51. Defendant's foregoing willful and bad faith acts dilute and tarnish, and are likely to and will continue to dilute and tarnish, the distinctive qualities of the "High performance. Delivered." Trademark in violation of 15 U.S.C. § 1125(c).

52. Defendant's acts all took place after the "High performance. Delivered." Trademark became famous, and (a) blur and impair the mark's ability to act as a distinctive identifier of Accenture; (b) tarnish the "High performance. Delivered." Trademark and harm its

13

reputation; and (c) circumvent Accenture's efforts to maintain the integrity of the services it provides to its clients and with which Accenture's trademark is associated.

## COUNT IV

### Trademark Dilution and Injury to Business Reputation
### Under N.Y. Gen. Bus. Law § 360-*l*

53. Accenture repeats and incorporates by reference the allegations in the foregoing paragraphs.

54. Defendant's use of the "High performance. Amplified" trademark is likely to injure Accenture's business reputation, and dilutes and is likely to dilute the distinctive quality of Accenture's "High performance. Delivered." Trademark by eroding its exclusive identification with Accenture, tarnishing the positive associations of the mark, and lessening the capacity of the mark to identify and distinguish Accenture and Accenture's services.

55. On information and belief, Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on, dilute, and tarnish the good will associated with Accenture's "High performance. Delivered." Trademark.

56. Defendant is causing and will continue to cause irreparable injury to Accenture's good will and business reputation in violation of N.Y. Gen. Bus. L. § 360-*l*.

57. Accenture is entitled to injunctive relief.

## COUNT V

### Common Law Trademark Infringement and Unfair Competition

58. Accenture repeats and incorporates by reference the allegations in the foregoing paragraphs.

59. Defendant's unauthorized imitation of Accenture's "High performance. Delivered." Trademark constitutes common law trademark infringement and unfair competition.

60. On information and belief, Defendant's conduct is willful and is intended to trade on the good will and reputation of Accenture's "High performance. Delivered." Trademark, and constitutes unfair competition and trademark infringement under New York common law.

61. Accenture is entitled to injunctive relief, and award of its actual damages, and an accounting of any profits by Defendant as a result of its unlawful conduct. Due to Defendant's suspected gross, wanton, and other morally culpable conduct, Accenture is entitled to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Accenture prays that Judgment be entered against Defendant as follows:

1. That Defendant, its partners, agents, employees, and all persons in active concert or participation with Defendant, be permanently enjoined and restrained from:

   a. Using the trademark "High performance. Amplified".

   b. Using Accenture's trademarks, including without limitation the "High performance. Delivered." Trademark and any marks confusingly similar to that mark.

   c. Tarnishing, harming the reputation of, blurring, impairing the distinctiveness of, or otherwise diluting the "High performance. Delivered." Trademark, including but not limited to through the use and dissemination of the ads discussed above or any other use of "High performance. Amplified";

   d. Engaging in any other activity constituting deceptive trade practices or unfair competition with Accenture;

   e. Instructing, assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above.

2. That Defendant be required to recall all advertising and promotional materials bearing the unlawful use of "High performance. Amplified" or any other mark confusingly similar to Accenture's trademarks, including the "High performance. Delivered." Trademark.

3. That Defendant be required to deliver to the Court for destruction, or show proof of destruction of, any and all advertising and promotional materials in Defendant's possession or control that incorporate the "High performance. Amplified" mark or any other mark confusingly similar to Accenture's trademarks, including the "High performance. Delivered." Trademark.

4. That Defendant be directed to file with the Court and serve on Accenture, within thirty (30) days after entry of final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

5. That an accounting be ordered and judgment be rendered against Defendant for all profits received from the sale of services directly or indirectly in connection with the wrongful acts described above.

6. That Accenture recover its actual damages.

7. That the award of profits resulting from Defendant's Lanham Act violations, including dilution, be trebled.

8. That Accenture, on its New York statutory and common law claims, be awarded the available damages in an amount to be determined at trial.

9. That Accenture be awarded interest, including pre-judgment interest, on the foregoing sums.

10. Finding this to be an "exceptional case" within the meaning of the Lanham Act and directing that Defendant pay Accenture the costs of this action and Accenture's reasonable attorneys' fees and expenses.

11. That Accenture be awarded punitive damages to deter any future violations of Accenture's rights.

12. That Accenture have such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Accenture respectfully demands a jury trial on all claims and issues so triable.

DATED:     June 18, 2013

Respectfully Submitted,

_____
PROSKAUER ROSE LLP
Brendan J. O'Rourke
Kevin J. Perra
David A. Munkittrick
Eleven Times Square
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900
E-mail: borourke@proskauer.com

*Attorneys for Plaintiffs Accenture Global Services Ltd. and Accenture LLP*

# Exhibit A

Case 1:13-cv-04188-LTS   Document 1   Filed 06/18/13   Page 18 of 20

Int. Cls.: **16, 35, 36, 37, 41, and 42**

Prior U.S. Cls.: **2, 5, 22, 23, 29, 37, 38, 50, 100, 101, 102, 103, 106, and 107**

**United States Patent and Trademark Office**

Reg. No. 3,514,029
Registered Oct. 7, 2008

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

High performance. Delivered.

ACCENTURE GLOBAL SERVICES GMBH (SWITZERLAND CORPORATION)
HERRENACKER 15, CH-8200
SCHAFFHAUSEN, SWITZERLAND

FOR: PAMPHLETS, BOOKS, NEWSLETTERS, BROCHURES, MAGAZINES, REPORTS, JOURNALS, MANUALS AND PRINTED GUIDES, ALL IN THE FIELDS OF BUSINESS MANAGEMENT, INFORMATION TECHNOLOGY, AND COMPUTERIZED INFORMATION PROCESSING, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0-0-2005; IN COMMERCE 0-0-2005.

FOR: BUSINESS MANAGEMENT CONSULTING; BUSINESS CONSULTING; BUSINESS PROCESS MANAGEMENT AND CONSULTING; BUSINESS MARKETING CONSULTING SERVICES; PROCUREMENT SERVICES, NAMELY, PURCHASING COMPUTER HARDWARE AND SOFTWARE FOR OTHERS; PROVIDING INFORMATION IN THE FIELDS OF BUSINESS MANAGEMENT, BUSINESS MARKETING, BUSINESS ACQUISITIONS AND MERGERS CONSULTING; PROJECT MANAGEMENT IN THE FIELDS OF INFORMATION SYSTEMS DESIGN, SPECIFICATION, PROCUREMENT OF COMPUTER HARDWARE AND SOFTWARE FOR OTHERS; BUSINESS ACQUISITIONS CONSULTING; ANALYSIS SERVICES, NAMELY, MARKET ANALYSIS; BUSINESS APPRAISALS; CONDUCTING BUSINESS AND MARKET RESEARCH SURVEYS; BUSINESS INFORMATION SERVICES IN THE FIELD OF BUSINESS CHANGE MANAGEMENT, BUSINESS PROCESS MANAGEMENT, BUSINESS STRATEGIC MANAGEMENT AND PLANNING SERVICES, AND BUSINESS TECHNOLOGY; BUSINESS MANAGEMENT PLANNING; BUSINESS MERGER CONSULTATION; BUSINESS NETWORKING; CONDUCTING BUSINESS RESEARCH AND SURVEYS; BUSINESS SUPERVISION; COMMERCIAL AND INDUSTRIAL MANAGEMENT ASSISTANCE; ECONOMIC FORECASTING AND ANALYSIS; PERSONNEL MANAGEMENT CONSULTATION; PREPARING BUSINESS REPORTS; ARRANGING AND CONDUCTING TRADE SHOWS AND CONFERENCES IN THE FIELD OF BUSINESS AND BUSINESS MANAGEMENT PROVIDING INFORMATION IN THE FIELDS OF CONSULTING; DATABASES IN THE FIELDS OF BUSINESS CONSULTING, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 0-0-2005; IN COMMERCE 0-0-2005.

FOR: PROVIDING FINANCIAL INFORMATION BY ELECTRONIC MEANS; FINANCIAL ANALYSIS AND CONSULTATION, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-0-2006; IN COMMERCE 1-0-2006.

FOR: COMPUTER INSTALLATION, REPAIR, AND MAINTENANCE WITH RESPECT TO COMPUTER HARDWARE NAMELY, COMPUTER SYSTEMS AND COMPUTER NETWORKS , IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 0-0-2005; IN COMMERCE 0-0-2005.

FOR: EDUCATIONAL SERVICES, NAMELY, CONDUCTING COURSES, SEMINARS, WORKSHOPS, AND CLASSES IN THE FIELDS OF COMPUTER SOFTWARE DEVELOPMENT AND IMPLEMENTATION, COMPUTER SOFTWARE USAGE, BUSINESS, AND BUSINESS OPERATIONS AND DISTRIBUTING COURSE MATERIALS IN CONNECTION THEREWITH; DEVELOPING EDUCATIONAL MATERIALS FOR OTHERS IN THE FIELDS OF COMPUTER SOFTWARE DEVELOPMENT AND IMPLEMENTATION, COMPUTER SOFTWARE USAGE, BUSINESS, AND BUSINESS OPERATIONS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 0-0-2005; IN COMMERCE 0-0-2005.

FOR: PROVIDING INFORMATION IN THE FIELDS OF INFORMATION TECHNOLOGY, COMPUTERS, AND COMPUTER SYSTEMS; CONSULTING IN THE AREAS OF COMPUTERS, COMPUTER SYSTEMS AND COMPUTER SYSTEMS DESIGN; COMPUTER SERVICES, NAMELY, DESIGN OF COMPUTERS SYSTEMS FOR OTHERS; COMPUTERS SERVICES, NAMELY, PROVIDING DATABASES IN THE FIELD OF INFORMATION TECHNOLOGY, COMPUTERS AND COMPUTER SYSTEMS; INFORMATION TECHNOLOGY CONSULTING SERVICES; COMPUTER SOFTWARE DESIGN FOR OTHERS; COMPUTER SITE DESIGN; INSTALLATION, IMPLEMENTATION, MAINTENANCE, AND REPAIR SERVICES WITH RESPECT TO COMPUTER SOFTWARE, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 0-0-2005; IN COMMERCE 0-0-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-302,337, FILED 9-18-2003.

JOHN GARTNER, EXAMINING ATTORNEY